*1153 OPINION.
James: Upon the first point the determination, under prior decisions of the Board, must be in favor of the Commissioner. The taxpayer in this appeal alleges that the railway company was insolvent ; that it was forced to advance the sums of money in question to pay the interest and sinking-fund requirements of the bonds which it had guaranteed, and is, therefore, entitled to deduct such payments. The Board decided, however, in the Appeal of Winthrop Ames, 1 B. T. A. 63, that advances for operating expenses or advances otherwise made to a corporation and carried as a charge against that corporation without any attempt to liquidate the debtor corporation or otherwise terminate the transaction, may not be charged off as worthless debts or as advances so long as the corporation to which such advances are made continues as an active corporate entity, is not actually adjudged bankrupt, and no effort is made to close or liquidate the account. To the same effect is the Appeal of Steele Cotton Mill Co., 1 B. T. A. 299.
The facts in the instant appeal are not so strong as those in the Appeal of Winthrop. Ames. Here it is apparent that the debtor corporation, on the basis of its book assets, is able to satisfy the existing debt, even at the close of 1924, in full. During the years 1918, 1919, and 1920, the total indebtedness to the taxpayer ranged approximately from $295,000 to $470,000, including the advances here in question. At the close of the year 1920 the railway company had assets of $1,990,000, an unmatured funded debt of $720,000, and the unfunded debt to the taxpayer as above stated of approximately $470,000. Liabilities other than to the taxpayer and on funded debt were negligible in amount. As stated in the Ames appeal :
The duty to determine that a debt is worthless in a definite sum is upon the taxpayer, he to support his conclusion with equally definite and certain evidence.
The taxpayer relies upon Solicitor’s Memo., 1298, 2 C. B. 113. An examination of the opinion indicates that the facts of the case there in question were materially different from the facts in this appeal, particularly in the way in which the accounts of the two corporations were treated. We believe this opinion is not authority for the position taken by the taxpayer.
The amounts deducted on account of interest and sinking fund, paid by the taxpayer on account of the indebtedness of the Willamette Valley Southern Railway Company, may nut be allowed in computing net taxable income in the years in question.
Upon the second point the taxpayer relies on the decision of the Board in the Appeal of Even Realty Co., 1 B. T. A. 355. In that *1154 appeal, the question was whether the taxpayer could be taxed upon a computation of gain or loss, one of the elements of which was depreciation actually sustained but not reflected upon the taxpayer’s books of account. In this appeal the question is whether the taxpayer may deduct a loss on selling price as compared with March 1, 1913, value in excess of the loss computed by comparing cost with selling price. In this appeal, there is no dispute as to the deduction of depreciation through all the years, and it appears to be conceded that the value of the depreciable property should be reduced on account of depreciation, either from the date of purchase or from March 1, 1913, depending upon which basis is used for the computation of gain or loss. There is even no dispute as to the amount of depreciation to be deducted each year:
The question here presented, then, is not the question presented in the Appeal of Even Realty Co., but is the question presented by United States v. Flannery, 268 U. S. 98, and McCaughn v. Ludington, 268 U. S. 106. In these cases the question presented was whether losses shall be computed from the single basis of value as of March 1, 1913, regardless of cost, to arrive at the deduction allowed by Congress with respect to capital transactions terminated by loss, or whether losses shall be measured by value as of March 1, 1913, or cost, whichever is lower.
The Commissioner in this appeal has computed the loss of the taxpayer upon the basis of March 1, 1913, value or cost, whichever is lower, and his contention must, therefore, under the authority of the above-cited cases, be sustained, and the taxable income computed by allowing, as the Commissioner has done, a loss of $21,254.98.